*1012 TEXTO COMPLETO DE LA SENTENCIA
Prentals, Inc. solicita mediante el presente recurso de apelación la revisión y revocación de una sentencia dictada el 29 de agosto de 2000 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicha sentencia, el foro de instancia decretó como válida y bien hecha la confiscación realizada por el Estado Libre Asociado de Puerto Rico de un vehículo de motor de su propiedad. En su consecuencia, desestimó la demanda de impugnación de confiscación presentada.
Por los fundamentos que habremos de exponer, revocamos la sentencia apelada y declaramos con lugar la demanda de impugnación.
I
El 27 de junio de 1997, Popular Leasing & Rental, Inc. arrendó a Prentals el vehículo de motor marca Toyota Camry, modelo del año 1997, tablilla CRW-715, conforme a los términos de un contrato de arrendamiento financiero que ambos suscribieron el 8 de diciembre de 1994.
El vehículo, objeto de ese caso, formaba parte de la flota de vehículos que utiliza Prentals en su gestión comercial de arrendamiento diario. El referido vehículo desapareció, en o para el 19 de marzo de 1999, de las instalaciones del aeropuerto internacional Luis Muñoz Marín.
Luego de los esfuerzos por localizar el vehículo, el 14 de mayo de 1999, el mismo fue reportado a la policía como hurtado.
El 18 de mayo de 1999, Prentals recibió una carta de la Junta de Confiscaciones del Departamento de Justicia en la cual le informaban que el mencionado vehículo había sido confiscado el día 5 de mayo de 1999 en Hato Rey por alegadamente haber sido utilizado en violación a los artículos 6, 6A, 5, 8A, 8 y 11 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. 411-54. Dicho vehículo fue tasado en la cantidad de $12,675.
Como consecuencia de la intervención policíaca que dio lugar a la confiscación, se denunció al señor José Andino Morales, quien se encontraba en posesión del vehículo en controversia.
El 27 de mayo de 1999, Prentals reclamó la devolución del vehículo confiscado mediante la presentación de una demanda de impugnación de confiscación. Fundamentó la misma en que como empresa arrendadora de vehículos, tenía a su favor una presunción de que no existe un vínculo delictivo entre ella y el usuario y operador del vehículo, por lo que el mismo no está sujeto a ser confiscado por el Estado.
Presentada moción de sentencia sumaria, el 9 de mayo de 2000, Prentals alegó en la misma que no existía controversia real sustancial en cuanto a los hechos materiales de este caso, por lo que era procedente se dictara sentencia sumaria a su favor para declarar con lugar la demanda de impugnación. En apoyo de su contención presentó una declaración jurada de su presidente, Sr. Charles L. Christensen, en la cual hizo constar que no autorizó el uso del vehículo al señor José Andino Morales y desconocía el paradero del mismo desde el 19 de marzo de 1999, por lo que no tenía relación alguna con el delito imputado. Concluyó expresando en la referida declaración que había tomado todas las diligencias razonables para evitar el uso ilegal del vehículo.
*1013 El Estado se opuso a la moción de sentencia sumaria. Alegó que no era procedente la impugnación de Prentals, porque la persona que ocupaba el vehículo, objeto de la confiscación, fue encontrada culpable y sentenciada a cumplir un término de cárcel. El Estado no presentó declaración jurada alguna para controvertir la presentada por Prentals.
Luego de la celebración de varios incidentes procesales relacionados a la solicitud de Prentals, finalmente, el 29 de agosto de 2000, el Tribunal de Primera Instancia dictó sentencia sumaria a favor del Estado Libre Asociado de Puerto Rico. Dictamen que es objeto de revisión en este recurso.
Ante nos, Prentals reproduce los mismos planteamientos formulados ante el foro apelado. Reitera que bajo las disposiciones de la Ley 93 de 13 de julio de 1988, Ley Uniforme de Confiscaciones, 34 L.P.R.A., sección 1723 et seq., es un tercero inocente, por lo que el vehículo no está sujeto a ser ocupado por el Estado.
Evaluados los argumentos de las partes, a la luz del derecho aplicable, dictaminamos que es procedente revocar la sentencia apelada.
II
La Ley Núm. 93, supra, fue creada con el propósito de ampliar los poderes del Estado para poder confiscar toda aquella propiedad que haya sido utilizada con fines ilegales. Alejandro Rivera v. Estado Libre Asociado, et al, _ D.P.R. _ (1996), op. de 10 de abril de 1996, 96 J.T.S. 50. A esos efectos, autoriza al Secretario de Justicia a incautar a favor del Estado Libre Asociado de Puerto Rico y privar a una persona de su propiedad cuando la misma ha sido utilizada en la comisión de un acto ilegal penable por nuestro Código Penal, o en violación a las leyes de sustancias controladas, de armas y explosivos, en las leyes de juegos prohibidos, en las leyes contra el crimen organizado, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones. 34 L.P.R.A. see. 1723.
En nuestra jurisdicción, el procedimiento de confiscación tiene un carácter in rem, esto es, que va dirigido contra la cosa y no contra la persona (dueño de la propiedad) de tal modo que si éste, consciente y voluntariamente entrega la posesión al infractor, sus derechos corren la misma suerte del uso al que el infractor pueda someter el vehículo. Del Toro Lugo v. Estado Libre Asociado, _ D.P.R. _ (1994), op. de 12 de septiembre de 1994, 94 J.T.S. 119. Véase también, General Accident Ins. Co. v. E.L.A., _ D.P.R. _ (1994), op. de noviembre de 1994, 94 J.T.S. 140; Carlo v. Srio. de Justicia, 107 D.P.R. 356 (1978).
Por otro lado, nuestro acervo jurisprudencial establece que a pesar del carácter in rem del procedimiento de confiscaciones, como excepción a la norma, el dueño del vehículo no perderá su propiedad cuando éste o un tercero inocente demuestre que el infractor no tenía permiso para utilizar el vehículo o que se tomaron expresamente todas las medidas cautelares para precaver el uso ilegal de la propiedad en la comisión de un delito. Del Toro Lugo v. Estado Libre Asociado, supra. Véase también, Estado Libre Asociado v. Tribunal Superior, 94 D.P.R. 717, 721 (1967); Carlo v. Srio. de Justicia, supra.
De esta manera, la doctrina ha elaborado una mta de cautelosa atenuación de severidad para aquellos casos en que se demuestre que el dueño del vehículo es un tercero inocente. Del Toro Lugo v. Estado Libre Asociado, supra. No olvidemos que no toda entrega de la posesión de un vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad, ni similares propósitos. Ochoteco v. Tribunal Superior, 88 D.P.R. 517, 528 (1963). En otras palabras,, cada caso deberá verse y pesarse a la luz de sus hechos particulares.
Ahora bien, independientemente de la naturaleza civil de la acción, la forma en que ha sido aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste, hay que reconocer que la referida norma posee un carácter punitivo. Del Toro Lugo v. Estado Libre Asociado, supra. Por consiguiente, nuestro Tribunal Supremo desarrolló una jurisprudencia que exhortaba a los tribunales que al interpretar y aplicar los estatutos que autorizaban la confiscación, lo hicieran de un forma restrictiva. Ibid.
*1014 En la actualidad, las empresas que se dedican al alquiler de vehículos atraviesan por un tedioso, proceso cada vez que un vehículo de su propiedad es utilizado para cometer un delito y el mismo es confiscado. Para proteger a empresas como la de Prentals, la Legislatura aprobó la Ley Núm. 167 de 28 de agosto de 1996, y estableció una presunción de tercero inocente a su favor. La referida ley reza, en lo pertinente, como sigue:

“Artículo 2. - Toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos y tránsito y de embarcaciones, asi como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que asi lo autorice, sera confiscada en favor del Estado Libre Asociado de Puerto Rico. Disponiéndose, que no estará sujeto a ocupación para fines de confiscación, un vehículo alquilado a una empresa acreditada, el cual es usado en la comisión de un delito en que por ley se autorice la confiscación, a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneje.

Cuando no proceda la confiscación por las circunstancias antes expuestas, el arrendatario del vehículo deberá pagar a favor del Estado Libre Asociado, de Puerto Rico, el monto de la tasación del. mismo,. Para que una empresa acreditada como de alquiler de vehículos pueda levantar esta defensa, deberá haber verificado que el arrendador del vehículo, cuando sea una persona natural, era un conductor autorizado, conforme a las Leyes. del Estado Libre Asociado de Puerto Rico. Además, mediante un sistema fotográfico identificará e incluirá en el expediente de la unidad arrendada la fotografía de la persona a quien se le entregó el vehículo, quien también deberá ser un conductor autorizado, conforme a las Leyes del Estado Libre Asociado de Puerto Rico. Dichos expedientes, incluyendo las fotografías, estarán disponibles para la inspección de cualquier funcionario estatal o federal como parte de una investigación criminal.

De otra parte y relacionado al precepto que antecede, la Regla 218 de las de Procedimiento Criminal establece que:

(c) (11) Cuando en la comisión del delito se hubiere utilizado un vehículo alquilado a una empresa acreditada, el magistrado le deberá ordenar al imputado que deposite una garantía legal suficiente a favor del Estado Libre Asociado de Puerto Rico para cubrir el monto del valor de la tasación del vehículo para la eventualidad de que proceda la confiscación del vehículo, el producto de la garantía será depositado en el fondo especial administrado por la Junta de Confiscaciones según establecido en la Ley Núm. 93 de 13 de julio de 1988, según enmendada. ”

Como se puede apreciar, la Ley Núm. 167 trasladó el peso de la prueba recayendo en el Estado el peso de probar que existía un vínculo delictivo entre el usuario del vehículo alquilado y la empresa dueña del vehículo; o sea, que para que proceda la confiscación, el Estado tiene que probar la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila y lo maneja. Exposición de Motivos, Lev Núm. 167 de 28 de agosto de 1996.
III
En el caso de marras, Prentals solicito la anulación de la confiscación mediante la presentación de una moción de sentencia sumaria alegando que el Estado carecía de pruebas que lo vinculara con el delito que se le imputó al arrendatario. Además, acompañó su solicitud con la declaración jurada del señor Charles L. Christensen, Presidente de Prentals Inc. En la misma declaro que el referido vehículo desapareció de las facilidades del aeropuerto. Que luego de intentar localizar el vehículo, el mismo fue reportado hurtado el 14 de mayo de 1.999. Especificó que no autorizó el uso del vehículo y desconocía su paradero desde que le fue hurtado. Consignó también que no conocía, ni participó, ni tuvo relación alguna con el delito imputado y que *1015 había tomado las diligencias razonables para evitar el uso ilegal del mismo.
En el presente caso, el Estado no presentó documentos que controvirtieran las alegaciones de Prentals a los efectos que ésta no tenía ningún vínculo delictivo con el arrendatario del vehículo confiscado. Resolvemos, pues, que de los escritos y documentos obrantes en el expediente no surge prueba tendente a demostrar la existencia de un vínculo delictivo entre la demandante y el arrendatario.
IV
La Regla 36 de Procedimiento Civil preceptúa que cualquier parte que interese se disponga de su caso, podrá presentar una moción solicitando se dicte sentencia sumaria a su favor sobre la totalidad de la reclamación o parte de ella. 32 L.P.R.A. Ap. III, Regla 36. El objetivo principal de dicho mecanismo es facilitar la solución rápida, justa y económica de aquellos casos que no presentan genuinas controversias de hechos, por lo que no ameritan la celebración de una vista evidenciaría. Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., 135 D.P.R. 716 (1994). Véase, también, Pilot Life Ins. Co. v. Crespo Martínez, _ D.P.R. _ (1994), op. de 13 de julio de 1994, 94 J.T.S. 104; Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987); Corp. of the Presiding Bishop v. Purcell, 117 D.P.R. 714, 720 (1986). Usada correctamente, ayuda a descongestionar los caleridarios judiciales. Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867 (1992).
Sólo debe concederse la moción de sentencia sumaria cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba, pues hay que recordar que el tribunal resolverá lo que procede en derecho y no necesariamente lo que se le solicita. Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc., supra.
Como mencionáramos anteriormente, la demandante tiene una presunción de tercero inocente que el Estado no ha podido controvertir. No surge nada en el récord que nos persuada de lo contrario. En ausencia total de controversia de hecho, el juez de instancia debió declarar con lugar la moción de sentencia sumaria.
V
El Procurador General expone, en su escrito en oposición, que en las circunstancias particulares de este caso, para que prospere la defensa de tercero inocente, el arrendador de un vehículo tiene que verificar que el arrendatario es un conductor autorizado, identificarle mediante credencial con foto y mantener el expediente del vehículo arrendado con una foto reciente del arrendatario. No podemos convenir con tal pretención.
El Tribunal Supremo expresó en Del Toro Lugo v. Estado Libre Asociado de Puerto Rico, que en procedimientos de impugnación de confiscación, al evaluarse los contornos de la defensa de tercero inocente, hay que considerar la validez del propósito que persigue la confiscación, la razón natural y el sentido de justicia.
En este caso, el vehículo de Prentals le fue hurtado del lote del vehículo, por lo que es lógico concluir que el uso del mismo al convicto José Andino Morales era uno no autorizado. Por ende, no puede razonablemente requerirse a Prentals que habiéndose hurtado el vehículo de su lote presente prueba, según expone el Procurador General. Considerado, además, que el Estado no pudo establecer que la empresa, sus funcionarios y empleados sabían de dicho uso ilegal, concluimos que Prentals es un tercero inocente contra el cual no puede sostenerse esta confiscación.
Por los fundamentos antes expuestos, se revoca la sentencia objeto de este recurso. En su lugar, procedemos a declarar con lugar la demanda de impugnación instada. Se ordena a la Junta de Confiscaciones del Departamento de Justicia proceda a devolver la propiedad ocupada a Prentals o en caso de que haya dispuesto de la misma, le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses de conformidad con la Regla 44.3 de Procedimiento Civil, Ap. Ill del Título 32, a partir de la fecha de la ocupación. De la cantidad correspondiente a Prentals podrán *1016 descontarse los gastos realmente incurridos por la Junta en la reparación de la propiedad, de ser ello aplicable. Véase 34 L.P.R.A. 1723k. Véase, además, Alejandro Rivera v. Estado Libre Asociado de Puerto Rico, supra.
Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General